FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

2016 AUG 12  P 3: 47

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Elm 3DS Innovations, LLC,

        Plaintiff,

        v.

Michelle K. Lee, in her official capacity as
Undersecretary of Commerce of Intellectual
Property and Director of the United States
Patent and Trademark Office, and

United States Patent and Trademark Office,

        Defendants.

Case No. 1:16CV1036
LOG IDD

## COMPLAINT

Elm 3DS Innovations, LLC, by its attorneys, for its Complaint in this action alleges:

### NATURE OF THE ACTION

1.    Plaintiff Elm 3DS Innovations, LLC ("Elm") seeks judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and *Ex Parte Young*, 209 U.S. 123 (1908), of final agency action by defendants Michelle K. Lee, Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("Director Lee"), and the United States Patent and Trademark Office (the "PTO," and together with Director Lee, the "Defendants").

2.    On December 22, 2015, Director Lee issued a rule declaring that the PTO would consider Tuesday, December 22, 2015 through Thursday, December 24, 2015 to be a "Federal holiday within the District of Columbia." Ex. 1. Under that rule, "[a]ny action . . . due on these

1

days" would be "considered as timely" by the agency "if the action [wa]s taken . . . on the next succeeding business day on which the USPTO [wa]s open," *i.e.*, Monday, December 28, 2015. *Id.*

3.      The issuance of that rule was arbitrary, capricious, an abuse of discretion, in excess of authority, and not in accordance with law. Defendants have no legal authority—under statute or regulation—to declare or consider days to be "federal holidays in the District of Columbia" when Congress has not so designated them, much less to thereby allow parties to take an action outside the statutorily prescribed time period.

4.      Elm is aggrieved by Defendants' actions in issuing and implementing the rule. As a result of the rule, the PTO allowed a party to seek *inter partes* review of the validity of certain of Elm's patents before the agency, despite the fact that the party failed to file its petition for review within the one-year period required by Congress as part of the America Invents Act. *See* 35 U.S.C. § 315(b).

5.      Elm respectfully requests that the Court declare, decree, and adjudge that Director Lee's rule under which the PTO considered December 22–24, 2015 to be a "Federal holiday within the District of Columbia" is unlawful and legally void, set it aside, and enjoin Defendants from continuing to apply, enforce, or rely on it, or from maintaining any action based on it.

## PARTIES

6.      Elm is a Delaware corporation, with its principal place of business at 26147 Carmelo Street, Carmel, California 93923. It is the holder of numerous patents and has filed suit against companies that infringe those patents.

7.      Director Lee is Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, having her primary place of business

in Alexandria, Virginia.

8.     The PTO is a United States government administrative agency within the Department of Commerce, having its principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

9.     This action arises under the United States Patent Act, 35 U.S.C. §§ 101 *et seq.*; 5 U.S.C. § 6103; the Administrative Procedure Act, 5 U.S.C. §§ 701–06; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

10.    This court has original jurisdiction of this action and personal jurisdiction over Defendants under 28 U.S.C. §§ 1331.

11.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 5 U.S.C. § 703.

## BACKGROUND

### *Legal Framework*

12.    Federal "public holidays" in the United States are established by act of Congress and codified at 5 U.S.C. § 6103.

13.    By statute, the PTO may rely on federal holidays when calculating statutory due dates. The United States Patent Act provides: "When the day, or the last day, for taking any action or paying any fee in the United States Patent and Trademark Office falls on Saturday, Sunday, *or a federal holiday within the District of Columbia*, the action may be taken, or the fee paid, on the next succeeding secular or business day." 35 U.S.C. § 21(b) (emphasis added).

14.    The PTO implemented 35 U.S.C. § 21(b) by regulation, which states: "When the day, or the last day fixed by statute or by or under this part for taking any action or paying any fee in the United States Patent and Trademark Office falls on Saturday, Sunday, *or on a Federal holiday within the District of Columbia*, the action may be taken, or the fee paid, on the next

succeeding business day which is not a Saturday, Sunday, or a Federal holiday." 37 C.F.R. § 1.7 (emphasis added).

15.    PTO regulations state that a "Federal holiday within the District of Columbia" means "any day, except Saturdays and Sundays, when the Patent and Trademark Office is officially closed for business for the entire day." 37 C.F.R. § 1.9(h).

16.    PTO rules provide that electronic filing or mailing documents through the U.S. Postal Service constitutes effective filing.  37 C.F.R. §§ 1.10, 42.6(b).

17.    The only statutory authorization for the PTO to extend deadlines beyond weekends and federal holidays is provided in 35 U.S.C. § 21(a). Under that section, the Director of the PTO may "prescribe that any paper or fee required to be filed in the Patent and Trademark Office will be considered filed in the Office on the date on which it was *deposited with the United States Postal Service* or *would have been deposited with the United States Postal Service but for postal service interruptions or emergencies* designated by the Director" (emphasis added).

18.    The alternative mechanism under 35 U.S.C. § 21(a) is implemented by 37 C.F.R. § 1.10(i).  Under that regulation, a person "attempting to file" relevant correspondence "that was unable to be deposited with the" U.S. Postal Service "due to an interruption or emergency in Priority Mail Express® service which has been so designated by the Director, may petition the Director to consider such correspondence as filed on a particular date in the Office, provided" certain conditions are met, including the provision of a "statement which establishes, to the satisfaction of the Director, that the correspondence would have been deposited with the USPS but for the designated interruption or emergency in Priority Mail Express® service, and that the correspondence or copy of the correspondence is the original correspondence or a true copy of

the correspondence originally attempted to be deposited with the USPS on the requested filing date."

### *Director Lee's Rule*

19.   Congress did not declare December 22, 23, or 24, 2015 to be federal holidays under 5 U.S.C. § 6103. In fact, federal offices were open, including in the District of Columbia, on all three days.

20.   The PTO was not officially closed for business for the entire day on December 22, 23, or 24, 2015 for purposes of 37 C.F.R. § 1.9(h).

21.   On information and belief, there was no interruption or emergency that prevented the deposit of mail with the U.S. Postal Service on December 22, 23, or 24, 2015.

22.   Defendants have not identified a postal interruption or emergency that would have prevented deposit of mail with the U.S. Postal Service on December 22, 23, or 24, 2015.

23.   At approximately 7 p.m. on December 22, 2015, the PTO "experienced a major power outage at its headquarters in Alexandria, Virginia," which the PTO claimed "required the subsequent shutdown of many USPTO online and information technology systems." Ex. 1.

24.   Even if the PTO's computer systems were not functioning, parties still were able to file documents with the PTO by timely depositing them with the U.S. Postal Service.

25.   Nevertheless, Director Lee issued an informal rule declaring that, "[i]n light of" the power failure, the PTO would "consider" Tuesday, December 22, 2015 through Thursday, December 24, 2015 to be a "Federal holiday within the District of Columbia." Ex. 1. The rule further purported to provide that, as a result, "[a]ny action … due on these days" would be "considered as timely" by the agency "if the action [wa]s taken … on the next succeeding business day on which the USPTO [wa]s open," *i.e.*, Monday, December 28, 2015. *Id.*

26.    Neither Director Lee's rule, nor any act under 37 C.F.R. § 1.10(i), designated December 22–24, 2015 as involving a postal service interruption or emergency.

27.    Director Lee's informal rule constitutes a final agency action. The PTO provided no mechanism for public commentary or appeal of Director Lee's rule. Thus, the decision-making process has been completed.

28.    Further, the informal rule resulted in the determination of the legal rights for parties with due dates on December 22–24, 2015. It expressly provided that "[a]ny action . . . due on these days" would be "considered as timely" by the agency "if the action [wa]s taken . . . on the next succeeding business day on which the USPTO [wa]s open," *i.e.*, Monday, December 28, 2015. Ex. 1.

### *Director Lee's Rule Harms Elm*

29.    Elm owns a portfolio of patents generally related to low-stress dielectrics for use in integrated memory circuits. Those patents teach that the disclosed low-stress material is useful to create stacked memory circuits. Such stacked memory circuits have smaller dimensions than unstacked circuits with the same memory capacity. This increased density enables the reduction in size seen in modern portable electronic devices, such as cellular telephones.

30.    Elm sued Micron Technology, Inc.; Micron Semiconductor Products, Inc.; Micron Consumer Products Group, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Electronics America, Inc.; Samsung Austin Semiconductor LLC; Sk Hynix Inc.; Sk Hynix America Inc.; Hynix Semiconductor Manufacturing America Inc.; and Sk Hynix Memory Solutions Inc. in the U.S. District Court for the District of Delaware, alleging that they had infringed certain of Elm's patents. The defendants were served with the complaint on December 24, 2014.

31.     The America Invents Act ("AIA") was signed into law on September 16, 2011. Among other things, the AIA authorizes persons to petition the PTO's Patent Trial and Appeal Board ("PTAB") to initiate "inter partes review" or "IPR" proceedings challenging the validity of patent claims. As part of an IPR proceeding, the PTAB reviews the patentability of one or more patent claims on grounds that could be raised under 35 U.S.C. § 102 or § 103, and only on the basis of prior art consisting of patents or printed publications. *See* 35 U.S.C. § 311.

32.     Congress expressly set a time limit for filing IPR petitions. The AIA provides that an IPR "may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b).

33.     Accordingly, the defendants in Elm's patent lawsuit were required to file any IPR petition regarding the patents asserted by Elm on or before December 24, 2015.

34.     The patent lawsuit defendants did not comply with the one-year deadline in 35 U.S.C. § 315(b).

35.     Instead, those defendants filed petitions seeking to initiate nine IPRs on December 28, 2015.

36.     Those IPR petitions would have been considered untimely, but for Director Lee's rule that declared that the PTO (located in Alexandria, Virginia) would consider December 24, 2015 to be a "Federal holiday within the District of Columbia."

37.     Relying on Director Lee's rule, the PTO's PTAB instituted IPR proceedings in all nine cases. (*See, e.g.,* Ex. 2 at pg. 5)

38.     As a result, Elm, as the patent owner, is involved in IPR case numbers IPR2016-00386, IPR2016-00387, IPR2016-00388, IPR2016-00389, IPR2016-00390, IPR2016-00391,

IPR2016-00393, IPR2016-00394, and IPR2016-00395.

## FIRST CLAIM FOR RELIEF
### (Administrative Procedure Act, 5 U.S.C. §§ 701–06)

39.    Elm realleges and incorporates by reference paragraphs 1–38, above, as if set forth in full.

40.    Section 706 of the Administrative Procedure Act authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be," among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706

41.    Director Lee's informal rule under which Tuesday, December 22, 2015 through Thursday, December 24, 2015, would be deemed a "Federal holiday within the District of Columbia" for purposes of PTO filings, and providing that, as a result, "[a]ny action . . . due on these days" would be "considered as timely" by the agency "if the action [wa]s taken . . . on the next succeeding business day on which the USPTO [wa]s open," Ex. 1, was arbitrary, capricious, an abuse of discretion, not otherwise not in accordance with law, and otherwise in excess of statutory jurisdiction, authority, or limitations.

42.    Director Lee's informal rule was a final agency action. The rule represents the consummation of the agency's decisionmaking process on the issue. And the rule resulted in the determination of the legal rights for parties with due dates on December 22–24, 2015.

43.    In purporting to issue a rule requiring that a day be considered a federal holiday when Congress had not designated it a federal holiday under 5 U.S.C. § 6103, Director Lee acted in excess of her authority.

44.    Director Lee has no statutory authority to direct that days that are not federal

holidays, and that Congress has not designated to be federal holidays, be deemed "PTO holidays" such that, when the last day for taking an action falls on that day, "the action may be taken ... on the next succeeding secular or business day" within the meaning of 35 U.S.C. § 21(b).

45.     The Patent Act instead limits Director Lee's authority to extend deadlines to situations involving "postal service interruptions or emergencies." *See* 35 U.S.C. § 21(a). Director Lee's informal rule did not involve, and did not purport to address, a postal service interruption or emergency.

46.     Nor do PTO regulations authorize Director Lee's informal rule. 37 C.F.R. § 1.10(i) authorizes the Director to "consider [certain] correspondence as filed on a particular date in the Office" when the Director has "designated" that there was "an interruption or emergency in Priority Mail Express® service." Director Lee's informal rule did not involve an interruption or emergency in any postal service, and Director Lee did not purport to designate December 22–24, 2015 a postal service interruption or emergency.

47.     Another PTO regulation, 37 C.F.R. § 1.9(h), defines "Federal holiday within the District of Columbia" to include "any day, except Saturdays and Sundays, when the Patent and Trademark Office is *officially closed for business for the entire day*." (Emphasis added). Director Lee's rule violates that regulation as well—the PTO was not "officially closed for business for the entire day" on December 22, 23, or 24, 2015. In fact, it was open for business on all three days.

48.     Director Lee's attempted expansion of her authority beyond the bounds of 37 C.F.R. § 1.9(h) is particularly aggravated given the dubious validity of § 1.9(h) itself: Although federal law defines "federal holiday" as encompassing days designated by Congress, § 1.9(h)

attempts to include as a "federal holiday within the District of Columbia" any day when the PTO merely is "officially closed." Now, under Director Lee's new rule, the PTO does not even need to be "officially closed."

49.     Director Lee acted in excess of her authority and her declaration impermissibly purported to extend the date to file any paper or fee due on December 22–24, 2015.

50.     Director Lee does not have legal authority to extend the 1-year statutory period to file an IPR provided in 35 U.S.C. § 315(b).

51.     Director Lee acted in excess of her authority when her rule directing the PTO to consider December 22–24, 2015, as federal holidays extended the statutory deadline to file an IPR provided by 35 U.S.C. § 315(b).

52.     Relying on Director Lee's rule that December 24, 2015 would be considered a federal holiday, the PTO's PTAB instituted IPR proceedings to review patents held by Elm in case numbers IPR2016-00386, IPR2016-00387, IPR2016-00388, IPR2016-00389, IPR2016-00390, IPR2016-00391, IPR2016-00393, IPR2016-00394, and IPR2016-00395, despite the fact that the petitions were not timely filed under 35 U.S.C. § 315(b).

53.     The PTAB's institution of those IPR proceedings threatens imminently to impair Elm's property rights to the patents covered by the IPR proceedings and reduces the value of Elm's business.

54.     Elm has been harmed, and is continuing to be harmed, by the institution of the untimely IPR proceedings under the auspices of Director Lee's rule. The resultant IPRs compromise Elm's ability to license and enforce its patents and reduce the value of Elm's business. Elm's lawsuit to enforce its patents continues to be stayed, at least partially as a result of those actions.

55.     By reason of the foregoing, an actual controversy exists between the parties.

56.     As Director Lee was acting outside the permitted agency framework in issuing the informal rule, neither the Patent Act nor the PTO's rules provide means to directly challenge Director Lee's declaration within the PTO or through judicial appeal. Elm has no adequate remedy apart from this action.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Act, 28 U.S.C. §§ 2201–02)

57.     Elm realleges and incorporates by reference paragraphs 1–56, above, as if set forth in full.

58.     The Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, provides that, "[i]n the case of an actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."

59.     Director Lee's informal rule under which Tuesday, December 22, 2015 through Thursday, December 24, 2015, would be deemed a "Federal holiday within the District of Columbia" for purposes of PTO filings, and providing that, as a result, "[a]ny action . . . due on these days" would be "considered as timely" by the agency "if the action [wa]s taken . . . on the next succeeding business day on which the USPTO [wa]s open," Ex. 1, was unauthorized, in excess of her authority, and unlawful.

60.     Elm has been harmed, and is continuing to be harmed, by the institution of the untimely IPR proceedings under the auspices of Director Lee's rule. The resultant IPRs compromise Elm's ability to license and enforce its patents and reduce the value of Elm's business. Elm's lawsuit to enforce its patents continues to be stayed, at least partially as a result of those actions.

61.     By reason of the foregoing, an actual and justiciable case or controversy exists

between the parties.

62.    Elm is entitled to judgment declaring that Director Lee's rule requiring the PTO to consider December 22-24, 2015, to be federal holidays in the District of Columbia is void, invalid, and unenforceable.

### THIRD CLAIM FOR RELIEF
### (Injunctive Relief)

63.    Elm realleges and incorporates by reference paragraphs 1–62, above, as if set forth in full.

64.    Director Lee's informal rule under which Tuesday, December 22, 2015 through Thursday, December 24, 2015, would be deemed a "Federal holiday within the District of Columbia" for purposes of PTO filings, and providing that, as a result, "[a]ny action . . . due on these days" would be "considered as timely" by the agency "if the action [wa]s taken . . . on the next succeeding business day on which the USPTO [wa]s open," Ex. 1, was unauthorized, in excess of her authority, and unlawful.

65.    Elm has been harmed, and is continuing to be harmed, by the institution of the untimely IPR proceedings under the auspices of Director Lee's rule. The resultant IPRs compromise Elm's ability to license and enforce its patents and reduce the value of Elm's business. Elm's lawsuit to enforce its patents continues to be stayed, at least partially as a result of those actions.

66.    Elm is entitled to an injunction prohibiting Director Lee and the PTO from continuing to apply, enforce, or rely on, or maintaining any action based on, Director Lee's rule that December 22-24, 2015, be considered a federal holiday in the District of Columbia.

### PRAYER FOR RELIEF

WHEREFORE, Elm prays that the Court:

- 12 -

67.     Declare, adjudge, and decree that December 22–24, 2015 were not federal holidays in the District of Columbia;

68.     Declare, adjudge, and decree that Director Lee acted outside and in contravention of her statutory powers by requiring the PTO to consider December 22–24, 2015 to be federal holidays in the District of Columbia;

69.     Declare, adjudge, and decree that Director Lee acted outside and in contravention of her statutory powers by purporting to waive statutory deadlines falling on December 22–24, 2015;

70.     Declare, adjudge, and decree that Director Lee acted outside and in contravention of her powers under PTO regulations by requiring the PTO to consider December 22–24, 2015 to be federal holidays in the District of Columbia; and

71.     Enjoin Director Lee and the PTO from continuing to apply, enforce, or rely on, or maintaining any action based on, Director Lee's rule requiring the PTO to consider December 22-24, 2015 to be federal holidays in the District of Columbia.

72.     Award such other and further relief as the Court may deem just and proper.

DATED: August ⎽12⎽, 2016

By: _____

Jack L. Hobaugh Jr., VA bar No. 82221

Jeffrey A. Lamken
pro hac admission to be sought
**MOLO LAMKEN LLP**
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Phone: 202-556-2010
Fax: 202-536-2010

Samuel L. Walling
pro hac admission to be sought
**ROBINS KAPLAN LLP**
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Phone: 612-349-8500
Fax: 612-339- 4181

**CARMICHAEL IP, PLLC**
8000 Towers Crescent Drive
Suite 1350
Tysons Corner, VA 22182

Phone: 703-646-9248
Fax: 703-564-0886
Email: Jack@CARMICHAELip.com

Attorneys for Plaintiff
Elm 3DS Innovations, LLC